UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>REAL PROPERTY COMMONLY KNOWN AS 2526 155TH PLACE SE, BELLEVUE, WASHINGTON, KING COUNTY PARCEL #675130-0450, TOGETHER WITH ITS BUILDINGS, IMPROVEMENTS, APPURTENANCES, FIXTURES, ATTACHMENTS, AND EASEMENTS; REAL PROPERTY COMMONLY KNOWN AS 31726 NORTH SPOTTED RD, DEER PARK, WASHINGTON, SPOKANE COUNTY PARCEL #28092-9065, TOGETHER WITH ITS BUILDINGS, IMPROVEMENTS, APPURTENANCES, FIXTURES, ATTACHMENTS, AND EASEMENTS; AND REAL PROPERTY COMMONLY KNOWN AS 849 NW WALL STREET, BEND, OREGON, DESCHUTES COUNTY PARCEL #1-061 17 12 32 BD 06200 103806, TOGETHER WITH ITS BUILDINGS, IMPROVEMENTS, APPURTENANCES, FIXTURES, ATTACHMENTS, AND EASEMENTS,<br><br>　　　　　　　Defendants. | C07-359Z<br><br>ORDER |

ORDER - 1

This matter comes before the Court on the Motion of Columbia River Bank for Modification of Restraining Order to Permit Foreclosure Sale of Real Property, docket no. 60. Having reviewed all papers filed in support of and in opposition to the motion, the Court now enters the following Order:

**Background**

This civil forfeiture action was brought by the United States against three properties on March 9, 2007. Verified Complaint (docket no. 1). Only one of the three properties (the property located in Bend, Oregon) is at issue in this motion. The United States alleges that the Bend property was involved in money laundering transactions in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and structuring transactions in violation of 31 U.S.C. § 5324(a)(3) and therefore is subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) and 31 U.S.C. § 5317(c)(2).

Claims have been filed by Thomas Nielsen, docket no. 11; Albert and Maria Emanuel, docket no. 9; David Mendoza, docket no. 13; and Columbia River Bank, docket no. 18. On July 13, 2007, the Court entered a Stipulation and Order for Interlocutory Sale of the Bend property. Stipulation and Order (docket no. 27). The interlocutory sale would have paid off the amounts due to lienholder Columbia River Bank and the bank stipulated that it would "not conduct a foreclosure sale of the defendant Bend property without approval of the United States District Court for the Western District of Washington." *Id.* ¶¶ 4, 5(b) & 7.

On October 1, 2007, the United States filed a motion for an order restraining Columbia River Bank and its trustee from conducting a foreclosure sale of the Bend property in case the interlocutory sale failed. Docket no. 30. Columbia River Bank argued that the restraining order was unnecessary and premature considering the pending sale of the property, but failed to cite to any legal authority in support. The Court granted the motion for a restraining order on November 9, 2007, pursuant to the civil asset forfeiture statute, 18 U.S.C. § 983(j)(1)(A). Docket no. 33.

On December 14, 2007, the Court entered a Second Stipulation and Order for Interlocutory Sale of the Bend property because the first sale had failed. Docket no. 35. However, it appears that the second sale fell through as well. *See* Motion of Columbia River Bank for Modification of Restraining Order, docket no. 60. Columbia River Bank argues that it is suffering ongoing harm through the delay of the liquidation of its collateral and that the delay has effectively frozen a large block of the Bank's capital, which is difficult in the current economic climate. *Id.*[1]

**Discussion**

Columbia River Bank did not cite any legal authority in its opening brief and therefore did not "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). In its reply brief, however, Columbia River Bank argues that the Court has discretion under 18 U.S.C. § 983(j)(1) to modify the restraining order and that the Court should do so under the circumstances here. The United States did not file a surreply, but its opposition brief argues that the Court cannot release the property because there is an ongoing criminal action and the sale would be invalid under 21 U.S.C. § 853, the parallel criminal forfeiture statute.[2]

The party seeking modification or dissolution of a restraining order bears the burden of establishing that "a significant change in facts or law warrants [the] revision or dissolution." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000). A significant change is one that pertains to the underlying reasons for the restraining order. *See United States v. Swift & Co.*, 189 F.Supp. 885, 905 (D.C.Ill. 1960), *aff'd per curiam*, 367 U.S. 909 (1961)

---

[1] Neither Columbia River Bank nor the United States submitted declarations or any other evidence in relation to the current motion and instead make factual assertions in their briefs, which is inappropriate under the Local Rules. *See* Local Rule 7(b)(1) ("If the motion requires consideration of facts not appearing of record, the movant shall also serve and file copies of all affidavits, declarations, photographic or other evidence presented in support of the motion.").

[2] The Court has authority to issue a restraining order to preserve the property under 21 U.S.C. § 853(e), which applies to criminal forfeitures, because the Superceding Indictment in the parallel criminal case includes forfeiture allegations of the Bend property. *See* docket no. 16, case no. 06-cr-00466-TSZ.

ORDER - 3

("Conditions existing at the time of original entry must be compared with conditions at the time of requested modification, and the significance of the difference measured in the light of these original reasons"). In addition, the moving party must show that its proposed modification is "suitably tailored to the changed circumstance." *Bellevue Manor Assocs. v. United States*, 165 F.3d 1249, 1255 (9th Cir. 1999) (quoting *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 393 (1992)).

Here, the restraining order was issued on November 9, 2007, pursuant to 18 U.S.C. § 983(j)(1), which provides:

> *Upon application of the United States, the court may enter a restraining order* or injunction, require the execution of satisfactory performance bonds, create receiverships, appoint conservators, custodians, appraisers, accountants, or trustees, or take any other action *to seize, secure, maintain, or preserve the availability of property subject to civil forfeiture*--
>
> (A) upon the filing of a civil forfeiture complaint alleging that the property with respect to which the order is sought is subject to civil forfeiture . . . .

Columbia River Bank argues that the word "may" gives the Court discretion to modify the restraining order and to allow a foreclosure to go forward.

The parties do not cite, and the Court did not find, any opinion analyzing the meaning of the word "may" as it is found in 18 U.S.C. § 983(j)(1). However, in *United States v. Monsanto*, 491 U.S. 600 (1989), the Supreme Court directly addressed the meaning of the word "may" as it is found in the criminal forfeiture statute, 21 U.S.C. § 853(e), which is nearly identical to 18 U.S.C. § 983(j)(1). The Supreme Court held that the permissive "may" did not instruct the trial court to employ principles of equity before restraining forfeitable assets. *Monsanto*, 491 U.S. at 612. Rather the provision meant that the "trial court 'may' enter a restraining order if the United States requests it, but not otherwise, and it is not required to enter such an order if a bond or some other means to 'preserve the availability of property described in subsection (a) of this section for forfeiture' is employed." *Id.* The

ORDER - 4

Supreme Court held that the statute "cannot sensibly be construed to give district court discretion to permit the dissipation of the very property that § 853(a) requires be forfeited upon conviction." *Id.* at 612-13. The discretion found in 18 U.S.C. § 983(j)(1) is narrow and does not allow this Court to employ traditional principles of equity to allow Columbia River Bank to foreclose on the defendant property.

Moreover, the same statute that authorizes restraining orders also provides a mechanism whereby a claimant is entitled to release of "seized" property based on a showing of hardship. *See* 18 U.S.C. § 983(f)(1) (providing a four-part test for the immediate release of seized property, including a showing that "continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless."). Therefore, under traditional principles of statutory interpretation, Columbia River Bank can argue for the release of property based on substantial hardship only under 18 U.S.C. § 983(f) and not under 18 U.S.C. § 983(j). *See Silvers v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881, 885 (9th Cir. 2005) ("The doctrine of *expressio unius est exclusio alterius* 'as applied to statutory interpretation creates a presumption that when a statute designates certain persons, things, or manners of operation, all omissions should be understood as exclusions.'").

Columbia River Bank has not satisfied the requirements of 18 U.S.C. § 983(f). First, the property has not been "seized." Second, Columbia River Bank has not complied with 18 U.S.C. § 983(f)(2), which requires "[a] claimant seeking release of property under this subsection [to] request possession of the property from the appropriate official, and the request must set forth the basis on which the requirements of paragraph (1) are met." Therefore, the Court cannot grant relief under 18 U.S.C. § 983(f).[3]

---

[3] Even if the Court had discretion under § 983(f) to grant the relief requested the Court would decline to exercise any such discretion.

Finally, the two cases that Columbia River Bank cites to are not at all pertinent. In *United States v. Real Property at 2659 Roundhill Drive, Alamo, California*, 283 F.3d 1146 (9th Cir. 2002), the Ninth Circuit held that the relation-back rule of 21 U.S.C. § 881(h) cannot be invoked until a final judgment of forfeiture has been entered. However, the relation-back rule has nothing to do with pre-trial restraining orders. Moreover, the United States in *Roundhill* did not move to restrain the foreclosure sale, which is precisely the issue here. In *United States v. Alvarado*, 1997 WL 68037 (9th Cir. 1997), the government entered into a stipulation with the lender permitting a foreclosure sale. In the unpublished opinion, the Ninth Circuit rejected the argument that the lender was a "state actor" when it foreclosed on the property, thus punishing the defendant for purposes of double jeopardy. The Court noted that "[t]he lender simply exercised its contractual rights to foreclose on [the defendant's] property." *Alvarado*, 1997 WL 68037 at *1. Whether a lender is a state actor because it foreclosed upon property with the consent of the United States in a criminal proceeding has nothing to do with whether a lender can foreclose on property without the consent of the United States.

**Conclusion**

The Motion of Columbia River Bank for Modification of Restraining Order to Permit Foreclosure Sale of Real Property, docket no. 60, is DENIED. Columbia River Bank has failed to cite to any legal authority showing that the Court has discretion to employ equitable principles to allow the foreclosure to proceed over the objection of the United States. Any hardship imposed upon Columbia River Bank is not pertinent to the Court's authority to issue an injunction under 18 U.S.C. § 983(j)(1), and therefore such hardship cannot demonstrate a significant change in the facts warranting revision or dissolution of the restraining order.

//

//

//

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record.

DATED this 17th day of December, 2008.

/s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge

ORDER - 7