UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>REAL PROPERTY COMMONLY KNOWN AS 2526 155TH PLACE SE, BELLEVUE, WASHINGTON, KING COUNTY PARCEL #675130-0450, TOGETHER WITH ITS BUILDINGS, IMPROVEMENTS, APPURTENANCES, FIXTURES, ATTACHMENTS, AND EASEMENTS; REAL PROPERTY COMMONLY KNOWN AS 31726 NORTH SPOTTED RD, DEER PARK, WASHINGTON, SPOKANE COUNTY PARCEL #28092-9065, TOGETHER WITH ITS BUILDINGS, IMPROVEMENTS, APPURTENANCES, FIXTURES, ATTACHMENTS, AND EASEMENTS; AND REAL PROPERTY COMMONLY KNOWN AS 849 NW WALL STREET, BEND, OREGON, DESCHUTES COUNTY PARCEL #1-061 17 12 32 BD 06200 103806, TOGETHER WITH ITS BUILDINGS, IMPROVEMENTS, APPURTENANCES, FIXTURES, ATTACHMENTS, AND EASEMENTS,<br><br>    Defendants. | C07-359Z<br><br>ORDER |

ORDER - 1

THIS MATTER comes before the Court on the Government's motion to dismiss the claims of David Mendoza and 849 Wall Street, LLC. Having reviewed all papers filed in support of and in opposition to the Government's motion, including the claimants' supplemental memoranda, docket nos. 66 & 67, and the Government's response thereto, docket no. 68, the Court GRANTS the Government's motion to dismiss, docket no. 38.

The background and legal authorities relating to the Government's motion to dismiss are discussed in the Court's Order dated December 15, 2008, docket no. 64. The Government brings its motion pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), specifically 28 U.S.C. § 2466(a), which provides the Court discretion to "disallow a person from using the resources of the courts of the United States in furtherance of a claim in any related civil forfeiture action" upon a finding that such person "after notice or knowledge of the fact that a warrant or process has been issued for his apprehension, in order to avoid criminal prosecution . . . declines to enter or reenter the United States to submit to its jurisdiction."

In its earlier Order, the Court provided notice to Mr. Mendoza that, unless he was physically present within this jurisdiction by March 6, 2009, the Court would grant the Government's motion and dismiss his claims (and 849 Wall Street LLC's claims) concerning the Bellevue, Deer Park, and Bend Properties. In an effort to point the blame at the Government for his continued absence from the jurisdiction, Mr. Mendoza has filed yet another writ from the Second Section of the Criminal Department of the National Audience of Spain, along with an English translation thereof. Contrary to Mr. Mendoza's interpretation, however, the writ indicates that the delay in returning Mr. Mendoza to the United States has been caused by his own insistence that certain conditions attach to his extradition:

> The Tribunal is fully aware that the Prosecution and the defense have staked positions that are strongly contrary with respect to the sufficiency of the guarantees contained on the verbal note forwarded by the North American diplomatic authorities.

ORDER - 2

> For the Prosecution, the pledges are sufficient and this Court should immediately consider the judicial phase of the extradition closed. Contrary-wise *the defense of the wanted one has stated that the documentation forwarded deserves total rejection*, since it does not afford at a minimum neither the singularity of the extradition processes, nor the non-imposition of life without parole, *nor the transfer of the wanted one to Spain to serve a sentence* in case he were to be convicted of the facts in the extradition request, the party at present is requesting the opening of a procedure of incidental issues of enforcement.

Translation of Writ at 3, Appendix A to Memorandum (docket no. 67 at 10) (emphasis added). As explained in the Court's previous Order, although Mr. Mendoza is entitled to pursue enforcement of the Spanish Court's "proviso" that he be permitted to serve his sentence in Spain, he does so at peril to his claims in this civil forfeiture action. *See* Order at 9 (docket no. 64) ("if Mr. Mendoza wishes to avoid the effect of the CAFRA, he needs to be physically present within this jurisdiction by the date set forth above, even if he must forego all remedies and favorable conditions related to or associated with extradition or the extradition process"). The Court is satisfied that Mr. Mendoza has had ample notice and opportunity to be heard, that he remains unwilling to reenter the United States to submit to its jurisdiction, and that his continued absence from this jurisdiction is the product of his own actions. Thus, the Government's motion to dismiss is GRANTED.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record.

DATED this 12th day of March, 2009.

_____
Thomas S. Zilly
United States District Judge